1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL EVERT'S RV COUNTRY, INC., PAUL EVERT, and CHARLES CURTIS, | Case No. 1:15-cv-00124-WBS-SKO |
| Plaintiffs, | **ORDER DENYING AS MOOT DEFENDANT'S MOTION TO COMPEL** |
| v. | |
| UNIVERSAL UNDERWRITERS INSURANCE COMPANY, | |
| _____/ | |

## I.   INTRODUCTION

On February 25, 2016, Defendant Universal Underwriters Insurance Company ("Universal") filed a Motion to Compel Plaintiffs Paul Evert's RV Country, Inc. ("Evert's RV"), Paul Evert and Charles Curtis ("collectively, Plaintiffs") to respond to a Request for Production of Documents that Universal propounded in February 2015. (Doc. 21.) On March 16, 2016, Plaintiff filed an opposition to Universal's Motion to Compel. (Doc. 29.) On March 23, 2016, Universal filed a statement under this Court's Local Rule 251 and filed a reply brief. For the reasons set forth below, Universal's Motion to Compel is denied as moot.

## II. BACKGROUND

**A. Underlying Litigation**

Plaintiff Evert's RV is the named insured under a property and liability policy issued by Universal ("Policy"), and Plaintiffs Paul Evert and Charles Curtis are named as additional insureds under the Policy. The Policy provides liability indemnity for covered claims arising from lawsuits according to the terms and conditions of the Policy. The Policy also provides a duty to defend actions for covered claims.

On April 29, 2011, Plaintiffs were named as defendants in a lawsuit filed by Fresno RV, Inc. ("Fresno RV") entitled *Fresno RV, et al. v. Paul Evert's RV Country Inc., et al.*, Case No. 11-CE-CG-01433 (the "underlying action"). The complaint alleged eight causes of action including trade libel, defamation/slander per se, false light, intentional interference with prospective economic relations, negligent interference with prospective economic relations, intentional interference with contract, unfair competition, and negligent hiring.

Fresno RV's complaint alleged Fresno RV and Evert's RV were competitors selling recreational vehicles in the San Joaquin Valley. Fresno RV alleged that Paul Evert and Charles Curtis conspired to discredit Fresno RV and put it out of business by, among other acts, telling the DMV and others that Fresno RV had engaged in fraudulent conduct, and to otherwise discredit Fresno RV with customers and in the press.

Universal agreed to provide a defense to Evert's RV, Paul Evert, and Charles Curtis subject to a reservation of rights. On September 20, 2013, the Superior Court found Evert's RV, Paul Evert, and Charles Curtis jointly and severally liable for defamation in the amount of $500,000. On January 17, 2014, after trying the punitive damages phase of the case, the court issued a statement of decision affirming the award of compensatory damages against Evert's RV, and awarded $3,000,000 in punitive damages against Paul Evert, and $1,000,000 against Charles Curtis. The Superior Court found the actions of Evert's RV and Charles Curtis were "willful and calculated to lead to the desired result of putting the Brewer companies out of business." The court additionally found that Paul Evert and Charles Curtis acted with "the requisite fraud, oppression and malice" to warrant an award of punitive damages.

1    Evert's RV, Paul Evert, and Charles Curtis appealed the verdict.  In late 2015, the parties

2    attempted to settle the appeal through the appellate court's mediation program, but they were

3    unsuccessful; the appeal remains pending.

4    **B.      Procedural Background**

5    Evert's RV, Paul Evert, and Charles Curtis – Plaintiffs in this matter – filed this current

6    action in Fresno County Superior Court on December 18, 2014, asserting Universal breached the

7    terms of the Policy by failing to provide Plaintiffs with independent defense counsel in the

8    underlying action and by failing to keep Plaintiffs timely advised of all settlement demands made

9    in the underlying action.  Plaintiffs also alleged Universal's actions in defending the underlying

10   action breached the implied covenant of good faith and fair dealing.  (Doc. 1-1.)

11   The action was removed to federal district court on January 21, 2015.  The parties

12   appeared before the undersigned in March 2015 to discuss whether the parties wished to consent

13   to the jurisdiction of a U.S. Magistrate Judge.  As is the undersigned's practice, discovery

14   procedures were discussed at this conference, and the parties were specifically instructed that any

15   meet and confer between counsel regarding discovery issues should be conducted in person or

16   over the telephone, and that letters were not considered sufficient on their own to satisfy meet and

17   confer requirements.

18   A Scheduling Conference was set before the district judge, and a pretrial scheduling order

19   was issued on June 18, 2015.  The order required that all expert witnesses be disclosed by May 20,

20   2016, and that all discovery be completed by July 8, 2016.  (Doc. 18.)

21   Months prior to the issuance of a scheduling order, Universal served Plaintiffs with a

22   request for production of documents ("RFPs") in February 2015.  (Doc. 21-2, Exhibit A.)

23   Plaintiffs served responses to the RFPs on March 30, 2015.  With the exception of RFPs 48-51,

24   Plaintiffs objected to all the RFPs asserting the attorney-client and work-product privileges, but

25   also stated that "assuming the request does not intend to seek production of documents protected

26   by the attorney-client and work product privilege, responding party will produce all non-privileged

27   responsive documents in its possession, custody, and control."  (Doc. 21-3, Exhibit B.)  Plaintiffs

28   also indicated in their responses that

with respect to the defense being provided in THE UNDERLYING ACTION, the attorney client privilege continues to exist and protects disclosure of such protected documents from production from other third parties.  Therefore, absent the entry of a strict protective order that would protect the privileged documents from being disclosed to third parties, and resulting in a waiver of the existing attorney client privilege, no documents falling within the attorney client or work product privileges will be produced.

(Doc. 21-3, 3:11-16.)

The court entered a protective order on May 12, 2015, but no responsive documents or any privilege logs were produced by Plaintiffs in response to the RFPs.  On June 16, 2015, Plaintiffs served an initial disclosure statement indicating that "documents in the possession and control of Plaintiffs shall be produced in response to a formal discovery request," but the disclosure was not accompanied by the production of any documents.

On July 2, 2015, Universal's counsel (Mr. Hecimovich) sent Plaintiffs' counsel (Mr. Wilkins) an email stating he did not see Plaintiffs' disclosures and document production.  Mr. Wilkins responded on July 6, 2015, that Plaintiffs' Rule 26 initial disclosures were served on June 16, 2015, and there were documents scanned and sent out on July 6, 2015.  (Doc. 21-6, p. 2-3.) Mr. Hecimovich responded via email that he had received Plaintiffs' disclosure statement but not any documents, and that he was sending a letter separately to "clarify where things stand."  (Doc. 21-6, p. 2.)

As indicated in his email, Mr. Hecimovich sent a letter to Mr. Wilkins seeking production of responsive documents to the February 2015 RFPs, noting that the protective order had been issued.  (Doc. 21-6, p. 6-7.)  On July 13, 2015, Mr. Hecimovich sent another letter to Mr. Wilkins noting he had not yet received Plaintiffs' document production or any documents in connection with Plaintiffs' June 16, 2015, disclosure statement that indicated "documents in the possession and control of Plaintiffs shall be produced in response to a formal discovery request."  The letter stated that "Plaintiffs need to produce all documents responsive to Universal's document requests. In addition, Plaintiffs must produce a privilege log for all documents withheld.  Please advise when we can expect the document production and privilege log."  (Doc. 21-6, p. 8.)  Mr.

1  Hecimovich also noted he wished to meet and confer regarding dates for Plaintiffs' depositions.

2  (Doc. 21-6, p. 8.)

3       Mr. Hecimovich contends he called Mr. Wilkins' office several times during the second

4  half of 2015 to follow up on the June and July 2015 communications, but Mr. Wilkins never

5  returned the calls.  (Doc. 21-1, Hecimovich Decl., ¶¶ 8, 9.)

6       On January 12, 2016, Mr. Hecimovich sent Mr. Wilkins a letter indicating the following:

7           This will follow up on my numerous letters and e-mails addressing
         Plaintiffs' ongoing failure to produce documents in response to Universal's request
8        for production.

9           Universal served Plaintiffs with a document request in February 2015.
10       Plaintiffs' March 30, 2015 response to that request stated that Plaintiffs would
         produce responsive documents after the court entered a protective order.  The court
11       entered the protective order on May 12, 2015.  Nonetheless, Plaintiffs did not
         produce any documents.
12

13          Plaintiffs' June 16, 2015 disclosures incongruously state that "documents in
         the possession and control of Plaintiffs shall be produced in response to a formal
14       discovery request."   Again, despite my numerous meet and confer requests,
         Plaintiffs have not produce any of the documents identified in their document
15       response.

16          Plaintiffs need to produce all documents responsive to Universal's document
17       requests.  In addition, Plaintiffs must produce a privilege log for all documents
         withheld.  Please advise immediately when we can expect the document production
18       and privilege log. . . .

19  (Doc. 21-6, p. 9.)  Upon receiving no response, Universal filed a motion to compel on February

20  25, 2016.

21       Plaintiffs filed an opposition to Universal's motion to compel on March 16, 2016.  (Doc.

22  29.)  Plaintiffs do not dispute that their responses to the RFPs indicated further responses would be

23  served following entry of a protective order, but the delay in doing so "must be viewed in the

24  context that the litigation was essentially stayed as the parties arranged to mediation the

25  UNDERLYING ACTION."   The parties reached an agreement to informally "stay" discovery

26  because of the complicated issues and concerns regarding the attorney client privilege that exists

27  in this matter while the underlying action is still pending.  Plaintiff maintains that

28

5

1
2
3
4
5

litigating the breach of the duty to defend and tortious failure to keep Plaintiffs apprised of the status and settlement opportunities in the UNDERLYING ACTION[] will involve significant inquiries into what would otherwise be communications that would be protected by the attorney client privilege. (Wilkins Decl., ¶ 4.)   Because the UNDERLYING ACTION remains pending, and may result in a complete retrial of the action if the matter is successfully appealed, it is imperative that the attorney client privilege materials and communications remain protected.

6
7
8

In light of the above, Plaintiffs have been reluctant to actively litigate this matter and believe a stay of the matter would be in order, pending the conclusion of the UNDERLYING ACTION.   (Wilkins Decl., ¶ 5.)   For these reasons, it is apparent this litigation should be formally stayed pending final resolution of the UNDERLYING ACTION.

9
10
11
12
13

(Doc. 29, 5:12-22.)  Plaintiffs maintain that none of Universal's meet and confer letters made any reference to filing a motion to compel production.  Because the parties had agreed to informally stay this action in an effort to mediate the underlying action, Plaintiffs did not actively pursue discovery against Universal in this action, and until the pending motion to compel was filed, neither had Universal.

14
15
16
17
18
19
20
21
22
23
24

Following the failed mediation in the underlying case, Universal sent its January 12, 2016, letter, but never advised Plaintiffs in that letter that any failure to produce immediately would result in Universal filing a motion to compel production.  Plaintiffs maintain that the single letter in January does not constitute a good faith effort to meet and confer, and had Universal done so, no motion to compel would have been necessary.  Plaintiffs argue Universal also failed to contact Plaintiffs to discuss preparation of a Joint Statement Re Discovery Dispute pursuant to Local Rule 251, which would have obviated the need for this motion.  Plaintiffs also note that once Universal's motion was received, Plaintiffs' counsel began actively engaged in efforts to bates-stamp and prepare a privilege log for the responsive documents, which were then served on Universal.  Plaintiffs contend their response to the RFPs renders Universal's motion moot.

25
26
27
28

On March 22, 2016, Plaintiffs filed a motion to stay the litigation, which is set for a hearing before the district judge on May 31, 2016. (Doc. 32.)  On March 23, 2016, Universal filed a "Statement re Discovery Disagreement" indicating Plaintiffs had produced documents and a privilege log in conjunction with the filing of their March 16, 2016, opposition to Universal's

1  motion to compel.  (Doc. 33, 2:8-9.)  Universal notes that it met and conferred with Plaintiffs on

2  March 21, 2016, about Universal's desire to notice and conduct Plaintiffs' depositions.  Universal

3  summarizes that meet and confer as follows:

> Plaintiffs' counsel first refused to produce Plaintiffs for deposition and argued that
> no discovery should take place because the case should be stayed.  Plaintiffs'
> counsel later stated he would discuss the dates proposed by Defendant (any date in
> April after April 10) with his clients.  Defendant requested a response by the end of
> the week as to whether Plaintiffs would appear for depositions on dates certain.

8  (Doc. 33, 2:11-15.)  Universal also filed a reply brief on March 23, 2016, indicating that it seeks

9  an order that discovery should proceed under the current schedule pending any order to stay the

10  case.  Universal maintains it could not prepare for and notice Plaintiffs' depositions until after the

11  document production, which has been served.  Although Plaintiffs argued during the meet and

12  confer that Universal was required to notice Plaintiffs' depositions and obtain their refusal before

13  bringing any motion related to depositions, Universal claims such a position is gamesmanship

14  because it could not prepare for and notice Plaintiffs' depositions until after the document

15  production, which now has occurred.  In other words, Universal contends its request for an order

16  to proceed with depositions in its March 23, 2016, "Statement Re Discovery Dispute" is a natural

17  outcropping of its motion to compel responses to the March 2015 RFPs and a request for such an

18  order required no prior notice of depositions or Plaintiffs' refusal to appear at those depositions.

## III.   DISCUSSION

20        This Court's Local Rule ("L.R.") 251(b) requires parties filing motions pursuant to Federal

21  Rule of Civil Procedure 26 through 37 to meet and confer to attempt to resolve their difference.

22  L.R. 251(b).  The Local Rule also provides that a hearing will not be held on a party's motion if

23  the conferring requirement is not met.  *Id.*  Additionally, if any counsel refuses to participate in a

24  discovery conference without good cause, the court may enter an order adverse to the party

25  represented by that counsel.  L.R. 251(d).

26        It is apparent from the parties' statements that they failed to adequately meet and confer

27  regarding their discovery issue.  It is not entirely clear where the fault for this lies, however.

28  There was 6-month delay between Mr. Hecimovich's June and July 2015 letters and the January

1    2016 letter seeking production from Plaintiffs, and the parties agree they were holding off on

2    further discovery during this time because of the pending mediation of the underlying case.  Mr.

3    Hecimovich's emails and letters in June and July do not reflect meet-and-confer efforts *after* the

4    mediation failed.   But, there is also no evidence Mr. Wilkins ever responded to any of Mr.

5    Hecimovich's telephone messages or the January 2016 letter.[1]   Nonetheless, whatever difficulties

6    occurred in meeting and conferring regarding Plaintiffs' responses to the RFPs, Plaintiffs produced

7    the documents responsive to the RFPs and provided a privileged log on March 16, 2016.

8    Universal does not indicate there is any further dispute regarding Plaintiffs' production or the

9    privilege log, and its motion to compel has, therefore, become moot.

10            As it pertains to Plaintiffs' depositions, the parties have not yet completed their meet and

11   confer conversations regarding noticing and setting those depositions.  While there is a motion to

12   stay the case pending, no stay is in place and the parties have not previously requested a stay,

13   notwithstanding their informal agreement not to pursue discovery in the second half of 2015.  As

14   such, the discovery schedule remains in place until an order amending the schedule or an order to

15   stay the proceedings is issued.  The parties are urged to work together diligently to meet the

16   demands of the discovery schedule during the pendency of Plaintiffs' motion to stay or to discuss

17   other potential solutions to mitigate the fact that the expert disclosure and fact discovery deadlines

18   are now looming.  Should the parties desire informal assistance from the Court to resolve any

19   further discovery dispute, they may consult the Court's webpage to schedule an informal

20   telephonic discovery dispute conference.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27

28
[1] While Mr. Wilkins asserts none of the phone messages stated a motion to compel would be filed if Plaintiffs failed to serve responses to the RFPs, he does not unequivocally deny that Universal's counsel left him phone messages regarding the discovery issue. (Doc. 30, Wilkins Decl., ¶¶ 8-9.)

8

1

## IV.   CONCLUSION

2    For the reasons stated above, Universal's motion to compel has been rendered moot and is

3  therefore DENIED.   The parties are instructed to meet and confer regarding setting Plaintiffs'

4  depositions.

5

IT IS SO ORDERED.

6

7  Dated:   __**March 25, 2016**__                              _____**/s/ Sheila K. Oberto**
                                                             UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28