UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| PAUL EVERT'S RV COUNTRY, INC.; PAUL EVERT; and CHARLES CURTIS,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>UNIVERSAL UNDERWRITERS INSURANCE COMPANY; and DOES 1-25, inclusive,<br><br>　　　　Defendant. | CIV. NO. 1:15-00124 WBS SKO<br><br>ORDER RE: MOTION FOR LEAVE TO FILE COUNTERCLAIM FOR DECLARATORY RELIEF |
| AND RELATED COUNTERCLAIMS. | |

----oo0oo----

Plaintiffs Paul Evert's RV Country Inc., Paul Evert, and Charles Curtis initiated this suit against defendant Universal Underwriters Insurance Company alleging a breach of defendant's duty to defend and indemnify.  (Docket No. 1.)  On

1

1  June 18, 2015, the court issued a Status (Pretrial Scheduling)
2  Order that prohibited further amendments to the pleadings "except
3  with leave of court, good cause having been shown under Federal
4  Rule of Civil Procedure 16(b)."  (Docket No. 18.)  Defendant now
5  seeks leave to amend its answer so it may file a counterclaim for
6  declaratory relief.  (Def.'s Mot. for Leave to File Countercl.
7  ("Def.'s Mot.") (Docket No. 22).)
8           Here, the Scheduling Order controls and defendant must
9  meet the requirements of Rule 16(b).  A party seeking leave to
10 amend under Rule 16(b) must demonstrate "good cause."  Fed. R.
11 Civ. P. 16(b).  The court finds that defendant has established
12 good cause for seeking leave to amend its answer and plaintiffs
13 will not be prejudiced by the filing of this counterclaim.
14 Defendant's counterclaim does not expand the scope of the case or
15 greatly alter the nature of the litigation.  To the contrary, it
16 seeks a judicial declaration on defendant's duty to defend and
17 responsibility for damages--issues that have been at the center
18 of this litigation from the beginning.  In addition, defendant's
19 counterclaim will not cause any delay in the litigation as
20 discovery is still open, little discovery has yet been conducted,
21 and the pretrial conference and trial dates will remain
22 unchanged.
23          Plaintiffs' argument that amendment is futile because
24 the counterclaim is "redundant" of the causes of action already
25 asserted in plaintiffs' Complaint would be better resolved on a
26 motion to dismiss or motion for summary judgment.  (Pls.' Opp'n
27 at 16, 21 (Docket No. 31).)  "While courts will determine the
28 legal sufficiency of a proposed amendment using the same standard

as applied on a Rule 12(b)(6) motion . . . such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend." <u>SAES Getters S.p.A. v. Aeronex, Inc.</u>, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002).

      IT IS THEREFORE ORDERED that defendant's motion for leave to file a counterclaim for declaratory relief (Docket No. 22) be, and the same hereby is, GRANTED.

Dated: April 6, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3