UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| PAUL EVERT'S RV COUNTRY, INC.; PAUL EVERT; and CHARLES CURTIS,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNIVERSAL UNDERWRITERS INSURANCE COMPANY; and DOES 1-25, inclusive,<br><br>    Defendant. | CIV. NO. 1:15-00124 WBS SKO<br><br>ORDER RE: MOTIONS TO STAY AND DISMISS |
| AND RELATED COUNTERCLAIMS. | |

----oo0oo----

Plaintiffs Paul Evert's RV Country, Inc., Paul Evert, and Charles Curtis initiated this suit against defendant Universal Underwriters Insurance Company alleging a breach of its duty to defend and indemnify. Presently before the court is plaintiffs' motion to stay the case pending resolution of the

1

underlying third-party action in state court, (Docket No. 32), and motion to dismiss defendant's declaratory relief counterclaims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), (Docket No. 48).

I.   Procedural and Factual Background

Defendant issued a property and liability insurance policy to plaintiffs providing liability indemnity for covered claims and a duty to defend actions for covered claims. (Compl. ¶¶ 7-9 (Docket No. 1-1).) Pursuant to this policy, defendant agreed to provide plaintiffs with a defense, subject to a reservation of rights, in an underlying state court case brought against them by competitors Fresno RV, Inc. and Clovis RV, Inc., alleging trade libel, defamation, slander per se, false light, intentional interference with prospective economic relations, negligent interference with prospective economic relations, intentional inference with contract, unfair competition, and negligent hiring. (Id. ¶¶ 10-15); see also Fresno RV, Inc. & Clovis RV, Inc. v. Paul Evert's RV Country, Inc., Paul Evert, Charles E. Curtis, Jr., Jim Crowell, & Aaron Lyon, No. 11-CE-GG-01433 (Fresno Cnty. Superior Ct.).[1] The reservation of rights

---

[1] The court takes judicial notice of the existence of the complaint filed by Fresno RV, Inc. and Clovis RV, Inc., the tentative statement of decision, the statement of decision, the notice of appeal, the answer to the complaint, and the motion for new trial filed in Fresno County Superior Court in the underlying case of Fresno RV, Inc. & Clovis RV, Inc. v. Paul Evert's RV Country, Inc., Paul Evert, Charles E. Curtis, Jr., Jim Crowell, & Aaron Lyon, No. 11-CE-GG-01433 (Fresno Cnty. Superior Ct.), because they are matters of public record whose accuracy cannot reasonably be questioned and the Superior Court proceedings have a direct relation to the matters at issue in the present action. See Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: . . . (2)

letter stated that there was no coverage for intentionally or inherently harmful acts or punitive damages under California law. (Def.'s Am. Countercl. ¶ 14 (Docket No. 40).)  It also cited the insurance policy exclusion for "dishonest, fraudulent, or criminal" acts committed "with intent to cause harm."  (Id.)

The Superior Court found plaintiffs jointly and severally liable for defamation in the underlying action and awarded compensatory damages of $500,000 against Paul Evert's RV Country, Inc. and also found that plaintiffs acted with the requisite fraud, oppression, and malice to warrant an award of punitive damages of $3,000,000 against Paul Evert, $1,000,000 against Charles Curtis, and $80,000 against Aaron Lyon.  (Id. ¶¶ 16-17; Pls.' Mot. to Stay at 4, Ex.3, Fresno Cnty. Superior Ct. Statement of Decision at 28 (Docket No. 32-1).)  This judgment is now on appeal.

Plaintiffs contend that defendant refused to properly defend them in the underlying state court action by failing to provide independent defense counsel, failing to keep plaintiffs advised of all settlement demands, and allowing a reasonable settlement offer to expire.  Plaintiffs allege two causes of

---

can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (stating that a federal court may take judicial notice of records and "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"); Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) ("On a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.'" (citation omitted)).

action: (1) breach of written contract, and (2) breach of the implied covenant of good faith and fair dealing.  (Notice of Removal Ex. A, Pls.' Compl. ("Compl.") (Docket No. 1-1).)

Defendant filed three counterclaims for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2201: (1) defendant will have no obligation to indemnify plaintiffs for any award of punitive damages in the underlying action; (2) defendant will have no obligation to indemnify plaintiffs for the Superior Court's award of compensatory damages; and (3) defendant's funding of the defense of plaintiffs in the underlying action satisfies its duty to defend under the insurance policy.  (Def.'s Am. Countercl. at 5.)

II.  <u>Motion to Stay</u>

Plaintiffs seek a stay of both defendant's declaratory relief counterclaims regarding its duty to defend and indemnify as well as a stay of plaintiffs' breach of contract and good faith and fair dealing claims pending resolution of the underlying third-party action in state court.  The court has "inherent authority to stay the entire action before it if a stay is 'efficient for its own docket and the fairest course for the parties.'"  <u>Trs. of the Eighth Dist. Elec. Pension & Benefits Funds</u>, Civ. No. 1:12-126 WBS, 2012 WL 5273229, at *1 (E.D. Cal. Oct. 22, 2012) (citation omitted); see also <u>Zurich Am. Ins. Co. v. Trans Cal Assocs.</u>, Civ. No. 2:10-1957 WBS KJN, 2011 WL 6329959, at *3 (E.D. Cal. Dec. 16, 2011).

It would not be the fairest course of action to the parties for the court to stay the present action.  If the Superior Court judgment is affirmed on appeal, the third-party

plaintiffs in the underlying state action may immediately seek to recover their damages. If the court stays the action and waits until the underlying appeal is resolved, defendant could be forced to indemnify the third-party plaintiffs when it has no obligation to do so or defendant could refuse to pay when it in fact has an obligation to indemnify, forcing plaintiffs to bear the costs. It is therefore important for both parties in the present action to resolve the question of indemnity prior to the resolution of the underlying state action. Furthermore, there is little risk of inconsistent factual determinations or prejudice to plaintiffs in the underlying state action because defendant does not seek to establish adverse facts on the issue of fault but rather to assess the legal ramifications of the Superior Court's finding of facts. Accordingly, plaintiffs' motion for a stay will be denied.

III. Motion to Dismiss

Under the Federal Declaratory Judgment Act, "[i]n a case of actual controversy . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Even though both parties cite California case authority, when a claim for declaratory relief is in federal court based on diversity of citizenship "the question whether to exercise federal jurisdiction to resolve the controversy [becomes] a procedural question of federal law" while substantive issues in the declaratory judgment action are resolved under state law. Golden Eagles Ins. Co. v. Travelers Cos., 103 F.3d 750, 752 (9th Cir.

1997), overruled on other grounds by Gov't Emps. Ins. Co. v. Dizol, 133 F.3d 1220 (9th Cir. 1998); see also Brosious v. JP Morgan Chase Bank, N.A., Civ. No. 15-00047 KJM DAD, 2015 WL 3486953, at *3 (E.D. Cal. June 2, 2015) ("The propriety of granting declaratory relief in federal court is a procedural question governed by federal law, even when the court's jurisdiction is based on diversity of citizenship."). The state and federal standards for declaratory judgment are, however, generally equivalent. Compare 28 U.S.C. § 2201(a), with Cal. Civ. Proc. Code § 1060 ("Any person interested under a written instrument . . . or under a contract . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action . . . for a declaration of his or her rights and duties. . . . [T]he court may make a binding declaration of these rights or duties, whether or not further relief is or could be claimed at the time.").

      To determine whether a declaratory judgment is appropriate, the court must (1) "inquire whether there is an actual case or controversy within its jurisdiction" and (2) "decide whether to exercise its jurisdiction by analyzing the factors set out in Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942), and its progeny." Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 669 (9th Cir. 2005). Under Brillhart, potentially relevant factors include avoiding duplicative litigation, avoiding needless determination of state law issues, and considering whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue. Id. at 672. The court's decision of whether to exercise jurisdiction "is

discretionary, for the Declaratory Judgment Act is 'deliberately cast in terms of permissive, rather than mandatory, authority.'" Gov't Emps. Ins. Co. v. Dizol, 133 F.3d 1220, 1223 (9th Cir. 1998) (citation omitted).

Defendant's declaratory relief counterclaims are not merely duplicative of plaintiffs' causes of action, which are grounded in allegations of bad faith and breach of contract rather than the scope of the insurance policy and California coverage exceptions. Further, as discussed above, defendant's declaratory relief counterclaims will serve a useful purpose by determining defendant's duty to indemnify and the scope of its duty to defend before the underlying state court action is resolved and defendant has a possible duty to pay the third-party plaintiffs. Accordingly, plaintiffs' motion to dismiss defendant's counterclaims will also be denied.

IT IS THEREFORE ORDERED that plaintiffs' motion to stay the present action pending resolution of the underlying state court action (Docket No. 32) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiffs' motion to dismiss (Docket No. 48) be, and the same hereby is, DENIED.

Dated: June 14, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE