UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| PAUL EVERT'S RV COUNTRY, INC.; PAUL EVERT; and CHARLES CURTIS,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNIVERSAL UNDERWRITERS INSURANCE COMPANY; and DOES 1-25, inclusive,<br><br>    Defendant. | CIV. NO. 1:15-00124 WBS SKO<br><br>ORDER RE: PLAINTIFFS' AND DEFENDANT'S REQUESTS TO SEAL |
| AND RELATED COUNTERCLAIMS. | |

----oo0oo----

Plaintiffs Paul Evert's RV Country, Inc., Paul Evert, and Charles Curtis initiated this suit against defendant Universal Underwriters Insurance Company alleging a breach of defendant's duty to defend and indemnify. Defendant subsequently filed cross-claims for declaratory relief. Presently before the

1

1 court is defendant's request, with the stipulation of plaintiffs,
2 to file its motion for summary judgment, reply papers, and all
3 exhibits under seal, (Docket No. 60), and plaintiffs' request to
4 file their notice of motion and motion for partial summary
5 judgment and all supporting papers under seal, (Docket No. 63).

6       A party seeking to seal a judicial record bears the
7 burden of overcoming a strong presumption in favor of public
8 access.  Kamakana v. City & County of Honolulu, 447 F.3d 1172,
9 1178 (9th Cir. 2006).  The party must "articulate compelling
10 reasons supported by specific factual findings that outweigh the
11 general history of access and the public policies favoring
12 disclosure, such as the public interest in understanding the
13 judicial process."  Id. at 1178-79 (citation omitted).  In ruling
14 on a request to seal, the court must balance the competing
15 interests of the public and the party seeking to keep records
16 secret.  Id. at 1179.

17       The parties both contend their cross-summary judgment
18 materials should be sealed pursuant to the parties' Stipulation
19 and Protective Order Regarding Confidential Information signed by
20 Magistrate Judge Oberto.  (Pls.' Req. to Seal ("Pls.' Req.") at 3
21 (Docket No. 63).)  Defendant contends that it opposed plaintiffs'
22 prior motions to stay discovery and trial in the present action
23 pending the outcome of the appeal in the underlying state court
24 action because it believed the stipulated protective order would
25 sufficiently preserve confidentiality.  (Def.'s Req. to Seal
26 ("Def.'s Req.") at 3 (Docket No. 60).)  The parties have
27 stipulated that all depositions and a significant percentage of
28 the documents produced during discovery are confidential under

the protective order.  This court has previously pointed out that a confidentiality agreement between the parties does not per se constitute a compelling reason to seal documents that outweighs the interests of public disclosure and access.  See Oct. 8, 2014 Order at 2, Starbucks Corp. v. Amcor Packaging Distrib., Civ. No. 2:13-1754; Sept. 3, 2015 Order at 3, Foster Poultry Farms, Inc. v. Certain Underwriters at Lloyd's, London, Civ. No. 1:14-00953; Sept. 18, 2015 Order at 2, Rosales v. City of Chico, Civ. No. 2:14-02152.  The fact that the assigned magistrate judge signed the stipulated protective order does not change this principle.

The parties also argue that their requests to seal should be granted because the relevant material is protected by the "tripartite attorney-client relationship" between the insured, insurer, and the attorney hired by the insurer to represent the insured in the underlying state action. (Pls.' Req. at 7.)  Plaintiffs cite two California Court of Appeal cases that note that when an attorney is engaged and paid by the insurer to defend the insured, "each member of the trio, attorney, client-insured, and client-insurer has corresponding rights and obligations founded largely on contract, and as to the attorney, by the Rules of Professional Conduct as well." Am. Mut. Liab. Ins. Co. v. Superior Ct., 38 Cal. App. 3d 579, 592 (3d Dist. 1974).  An attorney-client relationship can exist between the insured's defense attorney, the insured, and the insurer. Id.; Gulf Ins. Co. v. Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone, 79 Cal. App. 4th 114, 126 (2d Dist. 2000).  The parties contend that the cross-summary judgment materials must be sealed in order to preserve the confidentiality of all attorney-

1   client communications either party had with counsel and
2   information disclosed during discovery.  The preservation of
3   confidentiality is of particular importance in this case,
4   defendant argues, because the third-party plaintiff in the
5   underlying state court action could potentially make use of
6   privileged information in the event of a retrial of the
7   underlying state court matter.  (Def.'s Req. at 3.)
8           While there may be an attorney-client privilege between
9   plaintiffs, defendant, and plaintiffs' counsel and certain
10  portions of the summary judgment material may therefore be
11  protected by the attorney-client privilege, this is not a
12  compelling reason to order a blanket seal of all summary judgment
13  briefing and supporting papers.  Such an overly broad request
14  does not even merit serious consideration.  Given the important
15  public policies favoring disclosure to the public and the media,
16  the requests will accordingly be denied.  The denial will be
17  without prejudice to the parties' getting serious and refiling
18  more tailored requests to seal specific privileged portions of
19  the material or to redact certain privileged lines.
20          IT IS THEREFORE ORDERED that plaintiffs' and
21  defendant's requests to seal (Docket Nos. 60, 63) be, and the
22  same hereby are, DENIED without prejudice.
23  Dated:  August 5, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4