UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| PAUL EVERT'S RV COUNTRY, INC.; PAUL EVERT; and CHARLES CURTIS,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNIVERSAL UNDERWRITERS INSURANCE COMPANY; and DOES 1-25, inclusive,<br><br>    Defendant. | CIV. NO. 1:15-00124 WBS SKO<br><br>MEMORANDUM AND ORDER RE: THIRD AMENDED REQUEST TO SEAL |
| AND RELATED COUNTERCLAIMS. | |

----oo0oo----

Plaintiffs Paul Evert's RV Country, Inc., Paul Evert, and Charles Curtis initiated this suit against defendant Universal Underwriters Insurance Company alleging a breach of defendant's duty to defend and indemnify.  Defendant subsequently filed cross-claims for declaratory relief.  Presently before the

1

1 | court is plaintiffs' amended request to seal in connection with
2 | their opposition to defendant's motion for summary judgment and
3 | their amended request to seal certain portions of their
4 | opposition to defendant's motion for summary judgment.  (Docket
5 | Nos. 78, 86.)
6 |         On August 5, 2016, this court denied the parties'
7 | requests that the court seal their cross-motions for summary
8 | judgment, responsive briefs, and all supporting documents as
9 | overly broad.  (Aug. 5, 2016 Order (Docket No. 64).)  On August
10 | 31, 2016, this court again denied the parties' requests to seal
11 | certain exhibits.  (Aug. 31, 2016 Order (Docket No. 74).)  In the
12 | August 31, 2016 Order, this court stated plaintiffs may file an
13 | amended request to seal that "makes clear exactly what might be
14 | harmful to them in the underlying state court action and should
15 | therefore be redacted."  (Id.)
16 |         Plaintiffs move to seal all or part of twenty-two
17 | exhibits.  (Docket No. 78.)  Plaintiffs also move to seal
18 | portions of seven pages of their opposition to defendant's motion
19 | to dismiss and portions of eight additional material facts in
20 | their opposition to defendant's separate statement of facts.
21 | (Docket No. 86.)
22 |         A party seeking to seal a judicial record bears the
23 | burden of overcoming a strong presumption in favor of public
24 | access.  Kamakana v. City & County of Honolulu, 447 F.3d 1172,
25 | 1178 (9th Cir. 2006).  The party must "articulate compelling
26 | reasons supported by specific factual findings that outweigh the
27 | general history of access and the public policies favoring
28 | disclosure, such as the public interest in understanding the

judicial process." Id. at 1178-79 (citation omitted).  In ruling on a motion to seal, the court must balance the competing interests of the public and the party seeking to keep records secret.  Id. at 1179.  "The privilege which protects attorney-client communications may not be used both as a sword and a shield."  Chevron Corp. v. Pennzoil Co., 974 F.2d 1156, 1162 (9th Cir. 1992).

The court acknowledges plaintiffs identified specific material in its amended request to seal that they allege may be harmful to them in the underlying state court action currently on appeal.  But plaintiffs are attempting to use information they believe is privileged in order to defeat summary judgment while simultaneously preventing the public from understanding the basis upon which this court make its decisions.  This is using the information both as a sword and a shield.  This, paired with the plaintiffs' short description of the material, does not outweigh the interest of the public in understanding the judicial process. Plaintiffs have not provided any reason why their interest in the privacy of these excerpts outweighs the public's right to access.

There are some excerpts that the court may seal.  These excerpts are segments that plaintiffs do not rely upon in their opposition to the motion for summary judgment or separate statement of facts.  Instead, these excerpts fall on the same page as material plaintiffs rely on in their opposition but are properly identified and protected by privilege.  Specifically, plaintiffs' amended request to seal includes portions of the depositions of Stephanie Cole, Gregory Dyer, Richard Harris, and Charles Curtis; a portion of an email conversation between Ms.

3

1  Cole and insured; and portions of the May 20, 2016 Expert Report
2  of Guy Kornblum.  These excerpts relate to conversations between
3  plaintiffs and their attorneys regarding the merits of the
4  underlying state court action, which this court has recognized as
5  potentially protected.
6          Accordingly the court will remove from the public
7  docket the following pages: exhibit 2 at lines 5-6 of the email
8  from Stephanie Cole dated June 17, 2011, at 11:49 AM; exhibit 3
9  at 157:1-3, 5, 222:11-18, 242:6-20, deposition transcript of Ms.
10 Cole; exhibit 5 at 37:9-18, 38:4-7, deposition transcript of
11 attorney Gregory Dyer; exhibit 11 at pages 12 to 16, expert
12 report of Guy Kornblum; exhibit 13 at 47:16-24, 58:2, deposition
13 transcript of attorney Richard Harris; and exhibit 17 at 29:17-
14 25, 85:17-24, 91:20-22, deposition transcript of Charles Curtis.
15         Plaintiffs' request to seal certain portions of their
16 opposition to motion for summary judgment fails for the same
17 reasons as the requests to seal portions of certain exhibits.
18 Plaintiffs do not establish why their interest in sealing these
19 portions of their opposition to summary judgment outweighs the
20 public's interest in disclosure and access.  See Kamakana, 447
21 F.3d at 1178.  For the reasons stated above and the reasons in
22 this court's previous orders, the court will deny plaintiffs'
23 amended request to seal certain portions of their opposition to
24 motion for summary judgment.
25         IT IS THEREFORE ORDERED that plaintiffs' amended
26 request to seal in connection with its opposition to defendant's
27 motion for summary judgment (Docket No. 78) be, and the same
28 hereby is, GRANTED in part and DENIED in part.  The court will

remove from the public docket the following portions of the exhibits filed in connection with plaintiffs' opposition to motion for summary judgment: exhibit 2 at lines 5-6 of the email from Stephanie Cole dated June 17, 2011, at 11:49 AM (Docket No. 85-5); exhibit 3 at 157:1-3, 5, 222:11-18, 242:6-20, deposition transcript of Ms. Cole (Docket No. 85-5); exhibit 5 at 37:9-18, 38:4-7, deposition transcript of attorney Gregory Dyer (Docket No. 85-6); exhibit 11 at pages 12 to 16, expert report of Guy Kornblum (Docket No. 85-7); exhibit 13 at 47:16-24, 58:2, deposition transcript of attorney Richard Harris (Docket No. 85-7); and exhibit 17 at 29:17-25, 85:17-24, 91:20-22, deposition transcript of Charles Curtis (Docket No. 85-8).

    IT IS FURTHER ORDERED that plaintiffs' amended request to seal certain portions of their opposition to motion for summary judgment (Docket No. 86) be, and the same hereby is, DENIED.

Dated:   September 22, 2016

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

5