UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| PAUL EVERT'S RV COUNTRY, INC.; PAUL EVERT; and CHARLES CURTIS,<br><br>           Plaintiffs,<br><br>   v.<br><br>UNIVERSAL UNDERWRITERS INSURANCE COMPANY; and DOES 1-25, inclusive,<br><br>         Defendant. | CIV. NO. 1:15-00124 WBS SKO<br><br>ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT |
| AND RELATED COUNTERCLAIMS. | |

----oo0oo----

       Plaintiffs Paul Evert's RV Country, Inc., Paul Evert, and Charles Curtis (collectively "Evert's RV") brought this action against defendants Universal Underwriters Insurance Company ("Universal") and Does 1-25, inclusive, for breach of

1

1   contract and breach of the implied covenant of good faith and

2   fair dealing arising from an underlying state court action as

3   Evert's RV's insurer.  Pursuant to Federal Rule of Civil

4   Procedure 56, Universal moves for summary judgment against

5   Evert's RV and cross-defendant Aaron Lyon, and Evert's RV moves

6   for partial summary judgment against Universal.

7        The court finds sufficient evidence to go to the jury

8   on all claims and cross-claims with the exception of Evert's RV's

9   claim that Universal breached the insurance policy when it

10   refused to indemnify Evert's RV for the punitive damage award in

11   the underlying action.

12        With respect to Evert's RV's claim for punitive

13   damages, California law and public policy bars the insurer from

14   indemnifying the insured for punitive damages awards.  Thus

15   Universal cannot be required to indemnify Evert's RV and Lyon for

16   the punitive damages award.  California law generally bars an

17   insurer from indemnifying the insured for an award of punitive

18   damages.  PPG Indus. Inc. v. Transamerican Ins. Co., 20 Cal. 4th

19   310, 317-18 (1999).

20        This applies even if the policy does not exclude an

21   award of punitive damages from coverage.  Id. at 319.  To allow

22   such recovery would (1) violate the policy of not allowing

23   liability for intentional wrongdoing to be offset by the

24   negligence of another; (2) defeat the purpose of punitive

25   damages--to punish and deter the wrongdoer; and (3) violate the

26   public policy against indemnification for punitive damages.  Id.;

27   see Certain Underwriters at Lloyd's of London v. Pac. S.W.

28   Airlines, 786 F. Supp. 867, 869 (C.D. Cal. 1992).  "Thus,

1   California has prohibited such indemnification." <u>Certain</u>

2   <u>Underwriters</u>, 786 F. Supp. at 869.

3          A breach of the implied covenant of good faith and fair

4   dealing alone does not provide a basis for the insured to recover

5   punitive damages.  <u>PPG Indus.</u>, 20 Cal. 4th at 318-19.  An insurer

6   is liable for punitive damages only if the insurer's egregious

7   misconduct was the basis for the damages.  <u>Id.</u> at 319.  For

8   example, if the insurer "itself engaged in conduct that is

9   oppressive, fraudulent, or malicious, the insured may recover

10  punitive damages from the [insurer]."  <u>Id.</u>  Even if Universal was

11  negligent during the <u>Fresno RV</u> action, negligence is not enough.

12  <u>See</u> <u>Ferguson v. Lieff, Cabraser, Heimann & Bernstein</u>, 30 Cal. 4th

13  1037, 1047-48 (2003) ("Making a negligent attorney liable for

14  lost punitive damages would not serve a societal interest,

15  because the attorney did not commit and had no control over the

16  intentional misconduct justifying the punitive damages award.").

17         Even if Universal breached the implied covenant of good

18  faith and fair dealing, there is no triable issue of material

19  fact related to whether Universal engaged in egregious misconduct

20  and whether such conduct was the basis for the punitive damages

21  award.  Similar to the insurer in <u>PPG Industries</u>, Universal

22  decided not to settle at a rate within the policy limits after

23  the intentionally wrongful conduct of the insured.  (Curtis Dep.

24  30:13-25, 52:10-16, 52:24-55:1 (Docket No. 66-27).)  Universal

25  rejected the settlement after relaying the settlement offer to

26  Evert's RV, who "were shocked" at the settlement offer because it

27  was "very exorbitant" and "a ridiculous amount."  (Cantrell Dep.

28  32:2-6, 33:23-34:8 (Docket No. 85-8).)

1       While Evert's RV argues there was more misconduct by

2  Universal than a failure to settle, the reasoning in PPG

3  Industries against indemnification of punitive damages applies to

4  any negligence by the insurer--not just negligence in a failure

5  to settle.  See PPG Indus., 20 Cal. 4th at 316 ("[T]here is the

6  policy of not allowing liability for intentional wrongdoing to be

7  offset or reduced by the negligence of another.").  Universal was

8  not oppressive, fraudulent, or malicious in any of its actions as

9  a matter of law.  Absent egregious misconduct by the insurer,

10  California law prohibits Universal from indemnifying punitive

11  damages awards.  Id. at 319.

12       Accordingly, the court finds as a matter of law that

13  Universal had no obligation under the policy to indemnify Evert's

14  RV or Lyon for the punitive damage award in the underlying

15  action.

16       IT IS THEREFORE ORDERED that defendant's motion for

17  summary judgment against Evert's RV and Lyon be, and the same

18  hereby is, GRANTED with respect to Universal's obligation to

19  indemnify Evert's RV and Lyon for the punitive damages award in

20  the underlying action;

21       AND IT IS FURTHER ORDERED that in all other respects

22  defendant's motion for summary judgment and Evert's RV's motion

23  for partial summary judgment be, and the same hereby are, DENIED.

24  Dated:  November 17, 2016

25

26  WILLIAM B. SHUBB
     UNITED STATES DISTRICT JUDGE

27

28